## Oliver H. Vinton v. Cora A. Felts.

1. EXEMPTIONS—*A Husband May Convey Exempt Property to His Wife.*—When a husband conveys all his property to his wife, with whom he is living, by bill of sale duly acknowledged and recorded, at a time when no execution against him exists, and such property does not exceed $400 in value, and would, if still owned by the husband, be exempt from execution against him on compliance with the conditions of the statute concerning exemptions, such conveyance is not fraudulent as to his creditors.

**Replevin,** against a constable. Appeal from the Circuit Court of Winnebago County; the Hon. JOHN D. CRABTREE, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 20, 1897.

ANDREWS & VAN TASSEL, attorneys for appellant.

FISHER & NORTH, attorneys for appellee.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

This was an action of replevin by appellee against appellant, the latter being a constable who had levied an execution issued by a justice of the peace against George W. Felts, the husband of the appellee, upon a set of blacksmith's tools, a cow, mare and household goods, as the property of the defendant in execution.

George W. Felts was the head of a family, and he and the appellee resided together as husband and wife. Prior to the issuance of the execution the husband, by bill of sale duly executed, acknowledged and recorded, had conveyed

Vinton v. Felts.

the property in question to his wife. On the trial it was claimed by appellant this conveyance was made to hinder and delay the creditors of the husband, and therefore fraudulent, and the defendant in execution having made no schedule, as provided by the exemption laws, it was therefore insisted that the property was subject to be taken by the officer upon the execution against the husband.

The appellee claimed, and proved at the trial, that the household goods were her property, independently of her husband, and by the special finding of the jury the remaining property was valued at $175. The verdict and judgment were in favor of the appellee, from which appellant prosecutes this appeal.

Complaint is made by the counsel for appellant of certain of the instructions given by the court to the jury; but independently of any instructions in the case, that may have been given or refused, we are of the opinion, if it shall be conceded the property does not exceed in value $400, it would not be subject to the execution against the husband, under the facts in this case. The special verdict of the jury fixed such value, and the evidence further shows the execution debtor had no other property.

Where the husband, by bill of sale duly acknowledged and recorded, conveys all the property owned by him to his wife, with whom he is at the time living, and at a time when no execution exists against the husband, and such property does not exceed $400 in value, and which would, if still owned by the husband, be exempt from execution against him, on compliance by him with the conditions of the statute concerning exemptions, such conveyance, under the facts stated, is not, in our opinion, fraudulent as to any creditor or creditors of the husband. The exemption laws, in their policy, are as much for the benefit of the wife as of the husband, and this affords a sufficient consideration for the conveyance.

Finding no error in the record of the Circuit Court, its judgment will be affirmed.

CRABTREE, P. J., took no part.